UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JOSEPH HALL,
   Plaintiff,

v.

ST. FRANCIS MEDICAL CENTER et al.,
   Defendants.

Civ. No. 18-2225 (FLW) (DEA)

**MEMORANDUM OPINION**

---

**FREDA L. WOLFSON, Chief Judge:**

  Plaintiff, Joseph Hall ("Hall" or "Plaintiff"), is a state prisoner who seeks to proceed *pro se* with a civil rights complaint filed under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) The Court previously administratively terminated the action, as Hall did not pay the required filing fee and as his application to proceed *in forma pauperis* was incomplete. (*See* ECF No. 3.)

  As explained in the Court's last Memorandum and Order, a complaint must generally include either a $400.00 fee (a $350.00 filing fee plus a $50.00 administrative fee) or an application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914(a), 1915(a). If a prisoner plaintiff is proceeding *in forma pauperis*, the $350.00 filing fee is still assessed, but may be paid in installments. 28 U.S.C. § 1915(b). The action was previously administratively terminated because Hall's application to proceed *in forma pauperis* was missing its third page, which would typically have included Hall's signature and the signature of an authorized institutional officer. (*See* ECF Nos. 1-3 & 3.) I noted that Hall seemed to assert, in a letter that was largely illegible, that he was having some difficulty obtaining the prison account statement required by Local Civil Rule 81.2. (ECF No. 3 at 2 n.1.) In denying his initial *in forma pauperis* application, I

directed the Clerk's office to mail Hall another copy of the Court's form application to proceed *in forma pauperis*. (ECF No. 3 at 3.)

Hall has filed a letter seeking to have the action reopened, accompanied by a handwritten application to proceed *in forma pauperis*. (ECF No. 5.) Like Hall's other fillings, these documents are in a script that is frequently indecipherable. It appears that Hall has been unable to obtain his prison account statements. Hall has not employed the form *in forma pauperis* application mailed to him by the Court, but instead has written that he receives $15.00 monthly in state pay, owns no property or bank account, and has no money. He concludes this application by certifying, "I Joseph Hall made a statement willfully and I am subject to penalty with punishment if statements are false." (ECF No. 5 at ECF pp. 3–4.) Hall includes a copy of a letter he sent seeking a copy of his account statement, which was apparently returned to him as undeliverable. (*Id.* at ECF pp. 5–6.)

This new application fails to comply with Local Civil Rule 81.2, which requires that an application to proceed *in forma pauperis* "be in the form[] attached to and made a part of these Rules as Appendix P." L. Civ. R. 81.2(b). Furthermore, the Court's last Order directed Hall that if he was unable to procure the prison account statements required by Local Civil Rule 81.2 he should "attach an explanation of any difficulty obtaining records, in a form that is easily legible." (ECF No. 3 at 2 n.1.) Instead, Hall's letter simply makes the conclusory assertion that he is "having trouble seeking to ascertain a copy of [his] account for the last six months." (ECF No. 5 at ECF p. 1.) The only evidence he has included is a copy of a letter that Hall apparently attempted to mail to Northern State Prison, which was returned to him as undeliverable. Accordingly, his renewed application to proceed *in forma pauperis* is denied.

In any case, even were Hall permitted to proceed *in forma pauperis*, I note that his complaint fails to plead any claim over which this Court has jurisdiction. Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), (2) seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or (3) asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions'

or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

An incarcerated plaintiff may state a § 1983 claim for violation of the Eighth Amendment where institutional staff have provided inadequate medical care. *Helling v. McKinney*, 509 U.S. 25, 32–33 (1993); *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976); *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). A plaintiff asserting a § 1983 claim for inadequate medical care must show the existence of a serious medical need and that a state actor demonstrated deliberate indifference to that medical need. *Pearson*, 850 F.3d at 534; *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A finding of deliberate indifference requires demonstrating that the defendant medical provider had the requisite state of mind, i.e., knowledge of a serious medical risk and disregard for that risk. *See Parkell v. Danberg*, 833 F.3d 313, 335, 337 (3d Cir. 2016); *Natale*, 318 F.3d at 582; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (finding that an Eighth Amendment violation requires a showing of "obduracy and wantonness"); *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (equating deliberate indifference with at least "reckless[] disregard [for] a substantial risk of serious harm."). A mere "inadvertent failure to provide adequate medical care"—i.e., negligent diagnosis or treatment—will not create an Eighth Amendment claim. *Estelle*, 429 U.S. at 105–06; *Parkell*, 833 F.3d at 337.

I construe the Complaint as alleging that defendants St. Francis Medical Center and Dr. Gerschwin committed medical malpractice by injuring Hall's throat during a gastrointestinal examination. (*See* ECF No. 1.) Although Hall invokes the Eighth Amendment and uses the phrase "deliberate indifference," he does not allege any acts by the defendants that could be

found to rise to the level of deliberate indifference.[1] (*See id.*) As explained herein, the rendering of potentially negligent medical treatment does not suffice to show the level of disregard required to make out a violation of a plaintiff's constitutional rights. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). It is possible that Hall pleads sufficient facts to support a state-law claim for medical malpractice, but in the absence of a grounding in any federal constitutional provision or law, this Court has no basis to exercise jurisdiction over his claims. *See generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining that "[f]ederal courts are courts of limited jurisdiction").

It is possible, however, that Hall might be able to plead facts that would suffice to state a § 1983 claim. Thus, if Hall again seeks to reopen the action by paying the filing fee or filing a complete and proper application to proceed *in forma pauperis*, he may also file an amended

---

[1] The full substantive portion of Hall's Complaint reads as follows:

> On 12-14 Plaintiff was at St Francis Medical Center for G.I. scope due to medical issue, while under going procedure Dr. Gerschiwn jam a instrument (tool) down my throat cutting a muscle (nerve), plaintiff sought to complain about issue but was immediately taken back to prison to avoid proper investigation towards my claim. Records will reflect and support plaintiff's claim and injuries petitioner sustain as a result of medical abuse, neglect and malpractice. St Francis Medical Center is suppose to provide adequate medical care and treatment for prisoners while in the care and custody of Department of Corrections. This deliberate indifference in a medical sense has subjected petitioner plaintiff to cruel and unusual punishment violating any number of plaintiff's constitutional rights (1) First Amendment, (8) Eight Amendment fourteen Amendment.

(ECF No. 1 ¶ 6.)

complaint that corrects the defects identified in this Memorandum Opinion.  If he reopens the case without amending his pleading, the action would have to be immediately dismissed upon screening for the reasons discussed herein.  For the foregoing reasons, Hall's application to reopen this action is DENIED.


DATED:  July 16, 2019                                         /s/ Freda L. Wolfson
                                                              FREDA L. WOLFSON
                                                              U.S. Chief District Judge